## KIMBALL et v. BAKER.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2003.　Decided Mar. 19, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**1235. VERDICTS.**
Granting compensation of $15.00 per week for 195 weeks, for caring for invalid, held not excessive.

Error to Common Pleas.

Judgment affirmed.

Edward H. Ray, Toledo, for Kimball.
Deeds & Cole, Toledo, for Baker.

FULL TEXT.

WILLIAMS, J.

Kathryn Baker brought an action in the Common Pleas Court of this county to recover upon an alleged express contract claimed to have been made with the defendants Charles Kimball and Mary Ethel Cook by which it was agreed that the plaintiff should render services in caring for the mother of the defendants during an illness covering a period of about three years and nine months, and by which the defendants agreed to pay for such services.

Upon the first trial of the cause the court directed a verdict for the defendants and error was prosecuted to this court, which resulted in a reversal of the judgment. Baker vs. Kimball, et al., 26 Ohio App. 110. After the reversal of the judgment by this court the Supreme Court of Ohio overruled a motion to certify the record.

Upon the second trial of the cause the jury returned a verdict for $2,925.00. Judgment was entered thereon and this proceeding in error is brought to reverse that judgment.

It is claimed that the verdict is excessive. The plaintiff was not related to Elizabeth Kimball but had resided in the same family with Elizabeth Kimball and the defendant Charles Kimball for a number of years prior to the time that plaintiff claims the services were rendered. The period covered by the alleged services was from May 2, 1919, to February 2nd, 1923, or from about the time Elizabeth Kimball first had a stroke of paralysis until she died. The plaintiff became of legal age October 3rd, 1918. The compensation allowed by the jury amounted to exactly $15.00 per week for 195 weeks. During all of the period Elizabeth Kimball needed much care and most of it was of the nature that is ordinarily performed by a nurse. It is highly improbable that any one could have been employed to render the services which she rendered for the amount allowed by the jury as compensation. The verdict is not excessive.

The plaintiffs in error rely upon the claim that the judgment should be reversed because there was a defect of parties defendant in that the evidence tends to show that the alleged contract was made between the plaintiff on the one hand and the two defendants and Dr. Kimball, a brother of the two defendants, on the other. We are unable to find that this question was squarely made in the Court of Common Pleas, but, if it were, we are of the opinion that the evidence justifies a finding by the jury that the contract was made between the plaintiff and the defendants.

It is claimed that the court below erred in refusing to give defendants' requests to charge before argument numbers 2, 4 and 5. The court did give defendants' requests numbers 1. 3 and 6. There is nothing in those refused which is pertinent to the issues that is not covered by those which the court gave. There was no error in this respect.

Questions were also made on the charge and on the admission of evidence. We have examined the various assignments of error and find that the jury might well have found that an express contract existed and that the verdict was a just one and does substantial justice between the parties.

(Richard and Lloyd, JJ., concur.)